Please rise. Illinois Appellate Court, 2nd Division, South Tower Extension. Honorable Justice Michael P. Hines presiding. Good morning. Please be seated. Ma'am, the clock is off so don't worry about it. Madam Clerk, please call the first case. 16-3647 Northshore University Healthsystem v. Illinois Department of Revenue at all. Counsel, please approach. Both sides. Anybody else arguing? Both sides. Both sides. Both sides. Please introduce yourselves. I'm Tim Bishop for Appellate Northshore Healthsystem. Assistant Attorney General Christina Hansen for the Department of Revenue and the Administrative Law Judge. I'm Eugene Christopher. I represent the House Appellate High School District. How much time are you going to take? Approximately? 15 or so. Are you dividing your time? Yes. Who's going to go first? I'll go first. How long are you going to take? Question? Ten minutes. Okay. Okay. Then we'll give you whatever time. Okay. Thank you. Thank you. So this is Northshore's collateral challenge to the jurisdiction of the Illinois Department of Revenue's ALJs. Over District 219, the Skokie District, petitions for a hearing into my client's property tax exemptions for the years 2009 to 2012. And the circuit court dismissed our collateral challenge to the ALJ's jurisdiction for failure to exhaust our administrative remedies. The circuit court thought that we were bound to litigate the merits of the exemption challenge before the ALJ and only then challenged his jurisdictional ruling on administrative review of his final decision. Mr. Bishop, can you keep your voice up, please, so everybody can hear you? That's not for amplification. That's just for reporting. Okay. All right? Thank you. Thank you. So we needn't argue that the circuit court was wrong. It's our position that an immediate collateral challenge to the erroneous jurisdictional determination... How do you define jurisdiction? That the issue is jurisdictional? How do you define jurisdiction? Well, typically, jurisdiction is the authority, the apparent matter, to have the authority over the parties and over the subject matter. Why does the Department of Revenue not have jurisdiction over the request to review the exemption previously granted to North Shore? The statute here, Section 835B, Paragraph 2, states the preconditions for obtaining a hearing. And those are that the applicant for the hearing shall state concisely the mistakes alleged to have been made by the I.D.U.R. and the new evidence to be presented. So it's our position that that is a precondition to obtaining a hearing. That's what Pierce's question was. How are you defining jurisdiction? Well, that is the predicate for establishing jurisdiction. And the label that we attach to jurisdiction here, I think as this court said in Mitchell v. People last year, doesn't matter as much as the fact of has this basic predicate been met. What this court said there is a decision... It's a basic predicate to give some entity or person the right to challenge an exemption previously given, correct? Yes, that's right. You're not challenging the district's right to question whether North Shore is exempt. Yes, we are. Because what we're challenging is the very basic predicate to get that hearing going. You don't have a right to a hearing. The I.D.U.R. lacks jurisdiction, statutory authority, to conduct the hearing unless those two conditions that are clearly stated in Paragraph 2 are met. What two conditions? The two conditions are stating concisely the mistakes alleged that have been made in granting the exemption. Okay, so if the district had filed a petition and it consisted of a request to review the exemption to North Shore and it went on for 55 pages, would you have the right to contest the jurisdiction of the department by saying that's not concise? No, because I think that does become a matter of subject matter jurisdiction and the I.D.U.R. can make a determination, a factual determination, whether that's concise enough to qualify. But here, the district said nothing other than we would like a hearing. And was the district a party to the original application and granting of the exemption? No, it intervened. So the certificate did not say North Shore is exempt because of, did it? It didn't. Okay, so how would North Shore or anybody else know what factual errors had been committed or legal errors had been committed? It was the obligation of the district to review the application which identified the four statutory bases for seeking the exemption. And where is that obligation stated? It's a publicly available document. Yeah, but you said it's an obligation imposed by what or whom? It's North Shore's application for the exemption for each of these four years. You said it's their obligation. Yeah, it's their obligation. Where is that obligation set forth? In Paragraph 2, because looking at that application is how they would determine what the mistakes alleged that have been made are or what new evidence they can present to rebut the awarded exemption. I mean, the process here is you're told by the statute, identify the mistake so that the exempt party knows what the fight is about, so that IDOR knows what the fight is about. In order to do that, the district has available the applications, which are lengthy, but you look at those and you say, well, there's this error, that error, this error, and then you state those in the hearing request. Why is it mandatory that they meet one of those two criteria you just listed? Because those criteria are jurisdictional. Why does it say that they're jurisdictional? Well, I think the best example of these, the clearest indicator I think that these are statutory predicates to jurisdiction, are the pre-1964 cases involving judicial jurisdiction. The Supreme Court in Chicago v. Fair Employment Practice and many later cases has said that the jurisdictional rule that applied to the circuit courts prior to 1964, the constitutional amendment in 1964, is now the jurisdictional rule that applies to agencies which are creatures of statute, purely creatures of statute. And if you look at those 1964 cases, dating to a time when jurisdiction in the circuit courts was a creature of statute, just as jurisdiction in the agencies is now, they established that a petition for a hearing must meet the factual predicate. It has to state the elements required by the statute that authorizes the hearing. And we cited a number of those cases in our brief. But, Counsel, is it appropriate for us to consider the 1964 cases when in 1970 we got a new Constitution? Yes. And the circuit court made an error. I mean, its reasoning was that, citing the M&M case, that these Election Code Corpus Act, Adoption Act cases pre-'64, no longer have any application. Those claims were wrong. And this Court said that. Let me ask you another question. We've never gotten a definition for jurisdiction. It seems to me that the definition for jurisdiction is codified in Article VI, Section 9 of the Constitution. And the Constitution defines jurisdiction as, it says, circuit courts shall have original jurisdiction over all justiciable matters. Isn't a property tax exemption issue a justiciable matter? It certainly is. Clearly, there is subject matter jurisdiction in the AOJ to determine the merits of an exemption when that matter is properly put before it. Let me ask you another question, because you say there's a problem. Isn't there a rule of statutory construction that requires us to read the entire statute? Yes. During your discussion, I've heard you say nothing about that section of that statute, that is, 835B, where it says, no action for judicial review of any exemption decision of the Department shall be allowed unless the party commencing the action has filed an application for a hearing and the Department has acted upon the application. Are we supposed to read that? Do we read that out of the statute? No, but it's wholly inapplicable here by its terms. And I recognize that IDOR relies heavily on this. So is that able to become surplusage? No, it's not surplusage. It applies to judicial review of any exemption decision of the IDOR. But I think we need to go back to the Constitution. Counsel. Because doesn't the Constitution say, circuit court shall have such power to review administrative actions as provided by law? Yes, I agree. 835B is the law. Yes, and the district has not complied with it. You know, this is what this court said in Mitchell. A decision by an agency which lacks statutory power to enter a decision is treated the same as a decision by an agency that lacks personal or subject matter jurisdiction. It is void. So it's our position that those preconditions are statutory preconditions to having a hearing. Subject matter jurisdiction does not attach because the case has not been initiated in the way that's required by the statute. Why do you say it's required by statute? Because the word shall? The word shall. Is that your argument? It was not my only part of my argument. My argument principally relies on the pre-1964 Supreme Court decisions in Election Corpus Act and Adoption Act cases. If we find that those cases are inappropriate, your next argument is that shall is a mandatory shall? I mean, this court said, Gallagher and Hasbro said in 2013, that the jurisdictional rule applicable to courts in pre-1964 cases still applies to administrative proceedings. I mean, there's no question that I think the circuit court was wrong when it relied on M&M. All M&M says properly is that the pre-1964 cases don't apply to circuit courts because now the jurisdiction of circuit courts is governed by the Constitution and not by statute. Administrative agencies are purely creatures of statute. So their statutory authority to act depends on their compliance with the statutory preconditions, which is the problem here. And let me just read one thing from the Musselman case, the Illinois Supreme Court decision in the Adoption Act. Jurisdiction requires, and this is a quote, a petition containing the statements the statute says the petition shall state. A petition containing the statements the statute says the petition shall state. And that is the problem here. No, but that's a chicken and egg because you're looking at whether it's a chicken or the egg. The fact is, how we look at shall could be determinative of whether it's directory or mandatory. And despite all of the other, the pre-1964 law, because if we say that shall is directory, then it's not required and it's not part of what needs to be presented in order to make the appeal. I agree, Judge Hyman. You know, an IDOR, I believe, agrees with us that this is mandatory. I mean, they argue below that on motion for reconsideration that the ALJ should have found that he should have dismissed the case for lack of jurisdiction. Now, I mean, there are well-established standards for establishing what's mandatory and what's jurisdictional. The first one we don't qualify under. There is no statement of consequences in paragraph B itself. But the second reason to hold something mandatory is that it protects, it has a protective effect for rights. And here, this provision is intended to protect taxpayer rights. This is a case like Andrews and Jennings, two cases that are cited in our briefs, where what was at issue was publication of tax assessments. That requirement was held to be mandatory because it protects the taxpayer who needs to know what the assessments are to make a decision about whether they're reasonable or not. This requirement in paragraph 2 protects both IDOR, which, remember, is usually on the receiving end of these challenges. It's usually someone who's been denied an exemption going in and asking for a hearing to review IDOR's denial. IDOR needs to know what the basis is for the challenge. In a case like this, it's protective of the taxpayer because the intervener needs to tell us what it is that they think is wrong with the exemption. And remember what happens if we get to the- So IDOR has no rights to protect for their taxpayers? Absolutely, they do. Okay. They just- All they have to do is qualify- So are you indicating that North Shore has superior rights or were the people actually paying taxes? Absolutely not. Okay. Absolutely not. My argument is that paragraph 2 sets preconditions for a hearing that any lawyer can read that and know what to do. I need to go look at the application. I need to describe in my request for a hearing what it is I think IDOR did wrong. Concisely, it doesn't need to be detailed. It probably doesn't even need to be each of the failures that they- Mr. Bishop, there's a fundamental practical flaw. If the department does not state the basis for the exemption, no one can challenge whether it's correct or incorrect without knowing it because if the department, after reading your 9,000 pages of submissions, decided that North Shore was exempt because it was a park district, that would be wrong, but nobody would have known it was wrong. Well, it would be wrong because that's not one of the bases for exemption stated in our application. But nobody would know that that was the basis if they didn't set forth what exemption they were granting. Therefore, a taxpayer through the school district should have a right to question and does have a right under Section B to question timely the exemption. And they can't say you made a mistake in calling it a park district because they don't know what the basis of the exemption is by everybody's admission. Not by our admission, Your Honor. Well, you admit that they didn't state the basis of the exemption. They didn't, but we did have four bases for applying for the exemption. You clearly either don't want to understand what I'm saying or you're missing my point. You may have asked for it's a medical school, it's a not-for-profit, it's a charitable institution, it's a parking lot, but the department may have said, great, we're going to give it to you because you're a park district. But nobody knows that. The district is not – I don't believe the district can give us an exemption on something that we haven't applied for. We make the application, we identify the grounds. Because there is a mistake. We identify the grounds, and then the district looks at the application, looks at the grounds that we've asked for the exemption under, and says there are these mistakes. They didn't do anything to try to identify this. Because they didn't know. How are you prejudiced by going through this administrative procedure? Well, we're prejudiced because we don't believe they have jurisdiction. We now have to litigate the merits of four years of exemptions. Why not wait for a decision from the ALJ, then go to the circuit court? Because then we'd have to go through the merits. And the merits is a costly, time-consuming enterprise to go through when we don't believe they have jurisdiction. If we have to raise jurisdiction only in an administrative review proceeding, by definition we've already gone through this massive merits litigation. And we think that the purpose of paragraph 2 is to ensure that there be at least a basic predicate for thinking that there's something to the case, that they have done their due diligence, looked at the application, compared it to the grounds that we asked for, and identified any errors. If they don't do that, there's no jurisdiction, and we don't have to go through this enormously costly enterprise. There are no further questions, Your Honor. Thank you. Thank you.  Assistant Attorney General Christina Hanson on behalf of the Department of Revenue and the ALJ. I'm just going to address the jurisdictional question and then pass it on to the district. The circuit court correctly determined that the department has jurisdiction over the tax exemption proceedings, and thus that North Shore was required to exhaust its administrative remedies. In Newkirk v. Biggert, which we cite in our briefs, the court identified three elements to an agency's jurisdiction over a matter, and that's personal jurisdiction over the parties, which is not in dispute here. North Shore initiated the tax exemption proceeding. They don't dispute that there's personal jurisdiction over them. Subject matter jurisdiction, the power to here determine the general class of cases that are at issue. Here, the non-Homestead property tax exemption is clearly within the subject matter jurisdiction of the Department of Revenue. And then statutory authority, whether the acts of the agency are authorized by statute. Section 835B of the code grants the department the authority to grant a hearing upon receipt of an application. There's no dispute that the ALJ also had authority to consider and rule on pretrial motions with respect to the proceeding that was initiated, that's in the regulations. So what we have here is potentially an error of law that the ALJ made in interpreting its enabling statute. But courts have held that that does not divest an agency of jurisdiction. Again, in the Newkirk case, the issue raised was similar to the one raised here, that the order entered by the state mining board didn't contain all the elements that the statute required it to contain. And the court held that while that may have been an error of law, did not divest the state mining board of jurisdiction. As the court explained, to hold otherwise would allow a collateral attack on an order whenever an agency has failed to follow the exact letter of a statutory provision. Here, are you saying it's mandatory that a complainant say whether there's additional evidence or what the errors were? My position is actually that regardless of whether it's mandatory or directory, it's not jurisdictional. It's not so outside the scope of the agency's authority so as to divest it of jurisdiction over the matter. So you're saying we don't have to reach that issue? We don't have to reach that issue, that's correct. Because the ALJ may have made an error of law, and the department took the position in the administrative proceeding that the ALJ made an error, made a statutory error in interpreting the statute. But that does not divest the ALJ, that does not divest the department of jurisdiction. Those are the types of errors that would be correctable in the administrative review process. And if we don't agree with that, just for sake of argument, we go to your second argument of whether shell is mandatory or directory. Do you have a position on that? It is a statutory requirement, but a statutory requirement can be, a statutory requirement that's not jurisdictional can be excused. For example, there may be equitable exceptions, good faith, other equitable exceptions that may apply. So while it's our position that a proper hearing, the proper hearing application under 835B should contain all the elements that are requested in the statute, that doesn't divest the agency, that doesn't divest the department of jurisdiction over the tax exemption proceeding. Within the application and processing procedures of the department, do they allow an amendment to a petition? In the circuit court, I file a complaint for breach of fiduciary duty. I don't allege all the elements. My opposing attorney files a motion to dismiss because I didn't state a cause of action. I didn't comply with the elements. The judge dismisses it, but gives me a chance to replead. I replead. I'm back in the bargain. Is that similar things happen in the Department of Revenue? There are regulations that allow, for example, pretrial motions and other motions. And so there may be procedures for that. And the ALJ has the discretion to conduct the litigation in that way, and then it would be subject to approval. It's the director of the department that issues the final administrative decision. Does the director have the authority after the ALJ completes his or her duties to dismiss the case and say we're not going to revoke the exemption? The petition for hearing by the district is not persuasive. We deny the request of the district. Can't they do that? That would be within the director's authority and then subject to judicial review under the administrative review order. Right. So it could be that after the ALJ ruled rightly or wrongly, the director of the department reads everything and says the exemption stands, right? That's a possibility. It would be the department in the first instance that would look to whether the statutory requirements were met and issue a decision on that. Right. And that would be the final order that either party could take issue with and move to the circuit court for administrative review, right? Yes. So this whole question could have been moot if the process had been completed. Yes, exactly. And those are the considerations behind the exhaustion doctrine, that issues may be resolved before they even need to reach the circuit court, that the agency is in the best position to collect the evidence and reach a decision on the statute, and the issues may become moot before they reach the circuit court. Because the Department of Revenue is the only agency that can grant or deny a property tax exemption, correct? Correct. Circuit court can't do that, correct? Correct. Counsel, just so I'm clear, it's your position that the pleading requirements are not a condition proceeding to the department acquiring jurisdiction, is that correct? That's correct. You're making an exhaustion remedies statement. Right. That's a major argument, so we don't have to get into that. Right. That essentially this, any deficiency in the application does not divest the Department of Jurisdiction. What would happen if they didn't file it within 60 days after notice of the decision? In some instances, the time limitations have been held to be jurisdictional. For example, under the Administrative Review Act, you make the analogy to a circuit court's jurisdiction under the Administrative Review Law, which is special statutory jurisdiction as opposed to the circuit court's general constitutional jurisdiction. The time limits have been considered to be jurisdictional. They can't be waived. They can't be excused. Whereas other elements in the statute have been held not to be jurisdictional, such as timely service of the Administrative Review complaint. And we make a similar analogy here, that the specific pleading requirements of Section 835B were not met isn't jurisdictional, while there may be elements of the statute that are. But it's only the pleading requirements that are at issue here. Does this situation come up often where a governmental entity that's been affected by an exemption asks for consideration by the ALJ? Administrative? I'm sorry, I don't understand your question. Does this often happen? I mean, here we had a school district is complaining, which was not a party to the underlying action. Correct? Right. Well, they would move to intervene in the proceeding, right. Does that happen quite often or not? I assume so. You don't? I don't know. Unless the Court has any further questions, I will pass it on to the district. Thank you. We ask that this Court affirm the Circuit Court's ruling. Please support Eugene Christopher Edwards on behalf of Niles Township, High School District Number 219. Before I begin my remarks, I want to answer two questions, one that was asked by Judge Pierce and one that was asked by Judge Neville. Judge Pierce, you asked whether or not the Department committed an amendment to a hearing demand, and that's absolutely correct, it does. The precise citation to the rule escapes me now, but that hearing demand must take place prior, I'm sorry, amendments to the hearing demand must take place prior to the pre-trial, pre-hearing conference. Justice Neville, you asked what would have happened if the district had not filed its hearing demand within 60 days of its notification of the exemption decision. You can take a look at Rule 200.120 Subsection A, I guess it's actually 86 Illinois Administrative Code 200.120 Subsection A, and the very first line of that provision indicates that no hearing may be conducted unless the demand is timely. So that answers your question. Had we not complied, or should I say had the district not complied with the timing requirement, the Department's rules itself says the district was not entitled to a hearing. We contend that is a jurisdictional requirement because no hearing can take place unless that requirement is met. However, the content requirement indicated first in 8-35B, then reiterated in 110.145 Subsection C, and is actually reiterated once again in 110.145 Subsection 8, because that incorporates 200.120 Subsection A. You have to submit a written request for a hearing. That hearing has to be timely submitted. It has to identify the action of the Department that you're challenging, and it has to specifically request a hearing. All of the years in question, 2009, 2011, and 2012 did that, and in particular 2012 not only have satisfied all those requirements, it stated two very clear bases for the district's challenge to the exemption. A, it said that the application submitted by North Shore was deficient. B, it challenged the validity of Section 1586 of the Property Tax Code. So are you saying that the decision could depend on what year we're looking at? No. I'm just saying there's different filing for different years, so why wouldn't that make a difference in how we decide each of the— Because if we look at the other years, and given this record, and again it's important as Justice Pierce has noted several times, the exemption certificates themselves didn't set forth the statutory basis, so the mistake that was made was issuing the certificate, and that's the mistake we contend was made for the other years, and then we were even more precise in the 2012 year. Did your original filing say that that was the problem with regard to not saying what the basis was? Well, when you say our original filing, do you mean our original demand? Yes. No, we merely complied with the requirements of 200.120A, which can only mean in a situation where the certificates don't indicate the basis for their issuance that the mistake was issuing the certificate itself. Do you agree that we don't have to get into 835B, the shell language, whether it's directory or mandatory? Well, if you want me to address that, it's not a contention that it was directory in nature because it didn't include any consequence, and no rights were lost by North Shore for, if there was a noncompliance, of which we're not even willing to concede at this point, there was a noncompliance, because North Shore still endured the tax exemption, North Shore still got the refund, North Shore still had a right to challenge our hearing demand, and that's where this case differs from Foxworthy and James. If you didn't publish the assessment list, people would not have known at all of their right to challenge their assessment. North Shore clearly knew what years we were challenging, what property was involved in our challenge, and even more specifically for 2012, at least two bases for our challenge. So those cases are different from the case in front of this court today. So do you agree that we don't need to reach that issue? No, actually, no, you don't. That might be an issue better addressed once this matter goes back to the department, in which we're going to maintain the same thing that we maintained here today. There's also been two other suggestions that I want to address. I want to dispel any notion that we were, A, required to review the file before filing the demand for a hearing, because even if we had done that, and it was, as one of the justices noted, over 9,000 pages, over documents, reviewing the application does not tell us what the mistake was that the department made in issuing the certificate. So I don't really want to call it a red herring, but that's not really the issue, whether or not there was a prior review of the department's filings. And then finally, the ALJ did not craft an exception to 8-35B. The ALJ looked at the certificates, he looked at the hearing demands, and he harmonized the requirements of 8-35B, 110-45C, 110-145H, which incorporated 200.120A, and said, look, under these circumstances, when the department doesn't say why it did what it did, noting that a particular year its exemption was under challenge was identifying the mistake that was made. That's the only way these could have been harmonized and to move this matter forward. So at the end of the day, it's our position that the trial court correctly dismissed this matter, because the subject matter jurisdiction exception to the exhaustion rule is completely inapplicable here. We ask you to affirm the decision of the trial court, let this matter go back to the department, and then we proceed on the hearing. Thank you. Thank you. Mr. Bishop. Thank you. Just a few short points. The district doesn't get to choose which administrative regulations to follow here and follow some and ignore others. The IUR and we have both explained that 120, which the district says they followed, is a regulation of general application. On its face, it applies to hearings on all non-income tax matters. The later and more specific 145 applies expressly and only to exemption challenges. When you read these two together, there's no doubt that when you are bringing an exemption challenge, you have to satisfy both, and 145 says what the statute says, petitions for hearings shall state concisely the mistakes alleged, et cetera. Now, the statutory provision paragraph B will be meaningless under the district's position because IUR does not state reasons, is not required to, and does not state reasons for the exemptions in its decision. The way that you determine what the exemption is likely based on is what the district should have done here, which is to look at the applications to review the statutory basis on which we were seeking the applications and then identify the errors that it saw in the application for those exemptions. And finally the appeal is not contested. Any appeal is not contesting the errors within the successful party's application. The error is the result as determined by the department. So no matter what the applicant puts in the application, it doesn't really matter if the department rules for some unstated reason erroneously. That's the appeal. Well, there may be, I mean, what it allows you to do when you review these is to see what are the bases that we applied on and what did we say, why did we say we should get the exemption under those? Well, don't say why you got the exemption. Well, the reasons that you state in your petition may be over-inclusive. If we applied on four and we only got the exemption on the basis of one. But see, Mr. Bishop, you're not willing to acknowledge that you may have gotten the exemption and something you didn't even ask for. No, I'm not willing to acknowledge that. No, I don't think that's the way that these exemption provisions work. We make an application. Administrative agencies make mistakes. Administrative agencies, notwithstanding the best intentions, rule erroneously. If a party is entitled to contest the ruling without knowing what the ruling was based upon, it's useless. I don't think that the reading of Subsection B should be based on the notion that the department can't read the statutory basis for which we seek the exemption in the application and give us the exemption based on some entirely different provision. I mean, that just seems to be an odd way to give content to the statute. And the fact is the statute has no content, has no meaning whatsoever, unless it is read to require the district to identify some errors, at least, in our applications. Thank you. Thank you. We'll take our case under advisement. We appreciate the party's briefs and excellent arguments this morning. And we are adjourned.